No. 24-50018

# United States Court of Appeals for the Fifth Circuit

JANE DOE,

*Plaintiff - Appellant,*

v.

MARK A. GIPSON,

*Defendant - Appellee.*

Appeal from the United States District Court for the
Western District of Texas in Cause No. 1:23-CV-000463-RP

———————————————

## APPELLEE'S BRIEF

———————————————

Mark McAdoo
WY SBN: 6-3487
LAW OFFICE OF MARK MCADOO LLC
1685 S Colorado Blvd., Ste. S # 308
Denver, CO 80222
Phone: (281) 995-9114
Fax:    (206) 337-0847
mark@mcadoolawllc.com

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Cause No. 24-50018
*Jane Doe v. Mark A. Gipson*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Defendant-Appellee:**
 Mark A. Gipson

**Counsel for Defendant-Appellee:**
Mark McAdoo
LAW OFFICE OF MARK MCADOO, LLC
1685 S Colorado Blvd., Ste. S # 308
Denver, CO  80222
Telephone: 281-995-9114
mark@mcadoolawllc.com

**Plaintiff-Appellant:**
Jane Doe

**Counsel for Plaintiff-Appellant:**
Bradley A. Hyde
LATHAM & WATKINS, LLP
650 Town Center Drive, Suite 2000
Costa Mesa, CA  92626-1925
Telephone:  (714) 540-1235
Facsimile:  (714) 755-8290
bradley.hyde@lw.com

S. Giri Pathmanaban
LATHAM & WATKINS, LLP
300 Colorado Street, Suite 2400
Austin, TX  78701
Telephone:  (737) 910-7300
Facsimile:  (737) 910-7301
giri.pathmanaban@lw.com

/s/ Mark McAdoo

Mark McAdoo

LAW OFFICE OF MARK MCADOO, LLC

1685 S Colorado Blvd., Ste. S # 308

Denver, CO  80222

Telephone: 281-995-9114

mark@mcadoolawllc.com

Attorney for Appellee

Mark A. Gipson

## WAIVER OF ORAL ARGUMENT

Appellee Mark A. Gipson respectfully requests that oral argument be waived in this case. Mr. Gipson believes this appeal borders on being frivolous, and that oral argument is not needed to clarify the application of the law to the facts of this case. Mr. Gipson further believes that oral argument is not necessary to assist the judges in determining the issues and evidence necessary to the just adjudication of this matter. The parties' positions are clear and the record uncomplicated. *See* FED. R. APP. P. 34(a)(2)(c).

# **TABLE OF CONTENTS**

Page

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . i

WAIVER OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . 6

ISSUE NUMBER ONE RESTATED. . . . . . . . . . . . . . . . . . . . . 6

      The District Court did not abuse its discretion in denying Plaintiff's request for a preliminary injunction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

A.   *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B.   *The District Court's Credibility Determinations* . . . . . . . . . 8

C.   *Plaintiff's Claim that Defendant is not Credible shown to be False* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

D.   *Plaintiff has Failed to Demonstrate any of the Four Factors Necessary to Show her Entitlement to a Preliminary Injunction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    1.   Plaintiff Failed to Show a Likelihood of Success on the Merits . . . . . . . . . . . . . . . . . . . . . . . . 12

    2.   Plaintiff Will not Suffer a Substantial Threat of Irreparable Harm if the Injunction Does not Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    3.   The Granting of the Requested Injunction Is Not In the Public Interest . . . . . . . . . . . . . . . . . . 16

E.   *What the District Court did not Say* . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . 21

# TABLE OF CITATIONS

Page

## CASES

*Anderson v. City of Bessemer*,
    470 U.S. 564, 105 S.Ct. 1504 (1985) . . . . . . . . . . . . . 8, 9, 18

*Guzman v. Hacienda Records and Recording Studio, Inc.*,
    808 F.3d 1031 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hoover v. Morales*,
    164 F.3d 221 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*,
    456 U.S. 844, 102 S.Ct. 2182 (1982) . . . . . . . . . . . . . . . . . 10

*PCI Transp. Inc. v. W. R.R. Co.*,
    418 F.3d 535 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Sunbeam Products, Inc. v. West Bend Co.*,
    123 F.3d 246 (5th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. United States Gypsum Co.*,
    333 U.S. 364, 68 S.Ct. 525 (1948) . . . . . . . . . . . . . . . . . . 9–10

*United States v. Yellow Cab Co.*,
    338 U.S. 338, 70 S.Ct. 177 (1949) . . . . . . . . . . . . . . . . . . . . 9

*Valley v. Rapides Par. Sch. Bd.*,
    118 F.3d 1047 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 12

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7, 129 S.Ct. 365 (2008) . . . . . . . . . . . . . . . . . . . . 12

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    395 U.S. 100, 89 S.Ct. 1562 (1969) . . . . . . . . . . . . . . . . . . . 9

# <u>STATUTES</u>

15 U.S.C. § 6851 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 4

28 U.S.C. § 1292(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 7

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

28 U.S.C. § 1332(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under Section 1292(a)(10, Title 28, United States Code, as an interlocutory appeal from a the district court's refusal to grant an injunction in the United States District Court for the Western District of Texas. *See* 28 U.S.C. § 1292(a)(1).[1]

The District Court had jurisdiction under 15 U.S.C. § 6851 and 28 U.S.C. §§ 1331, 1332(a).

The District Court denied Plaintiff-Appellant's Motion for Preliminary Injunction filed pursuant to 15 U.S.C. § 6851 and Texas Civil Practice and Remedies Code § 98B on December 7, 2023. [ROA.804]. Plaintiff–Appellant filed her Notice of Appeal on January 8, 2024. [ROA.812].

---

[1] Unless set forth otherwise, all citations to statutory authority are to the current versions.

## STATEMENT OF THE ISSUES

### ISSUE NUMBER ONE

The District Court did not abuse its discretion in denying Plaintiff's request for a preliminary injunction.

**STATEMENT OF THE CASE**

On April 24, 2023, Appellant Jane Doe filed suit against Appellee Mark Gipson alleging that he took many sexually explicit pictures of her during an international trip, that she did not consent to some of the pictures, that she felt coerced to consent to others, and that she did not agree to let Gipson use any pictures for commercial purposes. [ROA.18, 25–30].

She alleged that Mr. Gipson has refused to give her the pictures and that he has tried to ask her for money in exchange for the pictures. [ROA.25, 33–34]. She further alleged that Mr. Gipson threatened to make the pictures public. [ROA.31–34]. Appellant also alleged that Mr. Gipson posted defamatory information about her online, including calling her an escort and a sex worker on social media. [ROA. 31–32]. According to Appellant, Mr. Gipson also: (1) sent intimate visual depictions of her to friends and family; (2) published intimate depictions of her on an Instagram account, in which he is allegedly impersonating Appellant; and (3) published intimate depictions of her on

3

websites, all without her permission. [ROA.33–34, 39, 42–25, 45–48).

She brings claims for unauthorized disclosure of intimate images under the Violence Against Women Reauthorization Act (VAWRA), 15 U.S.C. § 6851, and Texas Civil Practice and Remedies Code § 98B, along with other state tort claims. [ROA.50, 74].

On May 26, 2023, the Clerk of Court entered default against Mr. Gipson for failure to defend this action. [ROA.140]. Mr. Gipson moved to set aside the entry of default on July 7, 2023. [ROA.560]. Mr. Gipson filed a brief in support on July 17, 2023, [ROA.597], and Appellant filed a brief in opposition on July 21, 2023.

On August 23, 2023, the Court granted Mr. Gipson's Motion to Set Aside Entry of Default, [ROA.632–634], and denied Appellant's Motion for Preliminary Injunction. [ROA.638]. The Court's decision rested on the fact that Mr. Gipson "ha[d] raised sufficient doubts to justify setting aside the entry of default."

[ROA.805].

On September 29, 2023, Appellant filed an Opposed Motion Under Rule 59(e) to Amend the Judgment Regarding Appellant's Motion for a Preliminary Injunction and Appellee's Motion to Set Aside the Default. Appellant's motion for reconsideration contained no additional evidence regarding service, instead relying on declarations from other women who alleged that Gipson behaved similarly with them, which Plaintiff alleged somehow undermined the credibility of Gipson's prior testimony. [ROA.805]. Three of the four declarations also contained a number of exhibits. [ROA.805].

On November 16, 2023, the Court denied in part Plaintiff's motion for reconsideration with respect to the Court's order granting Mr. Gipson's motion to set aside entry of default. [ROA.762]. Plaintiff then filed her Opposed Motion to Certify Court Order for Appellate Review. [ROA.765]. At the renewed hearing on the motion for preliminary injunction, [ROA.896–914], the Court indicated that it was inclined to grant the motion to certify; however, upon further reflection, the Court found that the

motion to certify should be denied because Plaintiff has not convinced the Court that she has met the statutory requirements for certification under 28 U.S.C. § 1292. [ROA.806].

Notably, the only relief requested by Doe in her Brief is the reversal of the district court's denial of her request for a preliminary injunction. [Pl. Br. at 55].

## SUMMARY OF THE ARGUMENT

The District Court did not abuse its discretion in denying Plaintiff's request for a preliminary injunction.

## ARGUMENT AND AUTHORITIES

## ISSUE NUMBER ONE (RESTATED)

**The District Court did not abuse its discretion in denying Plaintiff's request for a preliminary injunction.**

**A.** *Standard of Review*

28 U.S.C. § 1292(a)(1) permits an interlocutory appeal where a request for an injunction has been denied. Specifically, the courts of appeals shall have jurisdiction of appeals from:

(1)Interlocutory orders of the district courts of the

> United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court ....

28 U.S.C. § 1292(a)(1).

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. These four elements are mixed questions of law and fact. Accordingly, a court of appeals will review the factual findings of the district court only for clear error, but will review its legal conclusions *de novo*. Likewise, although the ultimate decision whether to grant or deny a preliminary injunction is reviewed only for abuse of discretion, a decision based on erroneous legal

principles is reviewed *de novo*. *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir.1998) (quoting *Sunbeam Products, Inc. v. West Bend Co.*, 123 F.3d 246, 250 (5th Cir.1997)).

**B.**    ***The District Court's Credibility Determinations***

The district court's "clearly erroneous" standard of review requires even greater deference to the district court's findings when they are based on credibility determinations. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504 (1985); *see also Guzman v. Hacienda Records and Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) ("[T]he clearly erroneous standard of review ... requires even 'greater deference to the trial court's findings when they are based on determinations of credibility.' " (quoting *Anderson*, 470 U.S. at 574, 105 S.Ct. 1504)). This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court. "In applying the clearly erroneous

8

standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 123, 89 S.Ct. 1562, 1576 (1969). If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *United States v. Yellow Cab Co.*, 338 U.S. 338, 342, 70 S.Ct. 177, 179 (1949); *see also Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 102 S.Ct. 2182 (1982).

Relatedly, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson*, 470 U.S. at 573 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct.

525, 542 (1948).

**C.**   *Plaintiff's Claim that Defendant is not Credible shown to be False*

In her Brief, Appellant falsely asserted that "Mr. Gipson's refusal to participate in this litigation results in default." [App. Br. at 10]. This unsupported claim arises from the documented circumstances surrounding the initial service of the underlying suit upon Mr. Gipson. As demonstrated in the contempt hearing held on June 7, 2023, and otherwise firmly found in the record, Mr. Gipson was never properly served with the underlying lawsuit due to the irregularities evidenced by the process server retained by Appellant to serve citation to Mr. Gipson. [ROA.789–797, 8304–8306]. That process server, Christina Boger, was found by the Process Server Complaint Review Committee of the Judicial Branch Certification Commission to have engaged in conduct involving dishonesty, fraud, deceit, misrepresentation, or obstruction of justice in the course of attempting to serve the underlying lawsuit on Mr. Gipson. [ROA.794–797]. As a result of the irregularities found in her attempts to serve the underlying

suit, Bogar's process server certification was revoked. [ROA.794].

Additionally, due the fact that she routinely wore a "Ranger"

badge and represented herself as a Texas Ranger in the course of

attempting service upon Mr. Gipson, [ROA.8311–8312], she was

indicted by a Travis County Grand Jury for the third-degree

felony offense of Impersonating a Public Servant. [ROA.790].

The fact that Plaintiff chose to lodge such a specious

falsehood regarding Mr. Gipson at this late date and in the face of

the record is telling in regards to Plaintiff's other hysterical claims

regarding Appellee's alleged lack of credibility, and merely

reflects Appellee's failure to acknowledge the district court's

explicit finding that Mr. Gipson had credibly raised questions

regarding the purported service of the underlying suit. [ROA.805,

809, 8315–8316].

D.     ***Plaintiff has Failed to Demonstrate any of the Four Factors Necessary to Show her Entitlement to a Preliminary Injunction***

A preliminary injunction is an extraordinary remedy, and

the decision to grant such relief is to be treated as the exception

rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

### 1.     <u>Plaintiff Failed to Show a Likelihood of Success on the Merits</u>

The district court addressed the identical issues in denying Plaintiff's requested for a preliminary injunction. [ROA.801–802]. The district court reiterated its earlier findings and again denied Plaintiff's request for a preliminary injunction on the grounds that Plaintiff had failed to carry its burden of showing a likelihood of success on the merits. There the district court stated:

Plaintiff did not present evidence sufficient to undermine

Gipson's live testimony and the evidence that he introduced at the hearing. As the Court noted in its first order denying the preliminary injunction:

> At the hearing, Defendant testified that Plaintiff gave Defendant her consent to share her photographs by signing the two forms at issue. Gipson further testified that he had filled out portions of the forms with black ink while Plaintiff had filled out other portions in blue ink. Plaintiff argues that Defendant's representations are false, and she presents declarations, writing samples, and signature samples in support of her argument that the signatures on these documents are inauthentic. . . .

> A valid release would likely defeat Plaintiff's claim. While Plaintiff disputes the authenticity of her signature on the documents and provided writing and signature samples for the Court to analyze, Plaintiff's evidence does not sufficiently undermine the credibility of Defendant's testimony at this stage. Based on the current evidentiary record, the Court cannot find that Plaintiff has shown a likelihood that she will succeed on the merits of her claim.

[ROA.801–802].

The district court yet again pointed out that Plaintiff had not presented any testimonial evidence whatsoever. [ROA.82]. The district court yet again pointed out that Mr. Gipson's testimony had yet to be undermined by Plaintiff's evidence in the opinion of

13

the district court. [ROA.802]. In summarizing the proceeding the court informed the parties that:

> The Court cannot grant the extraordinary relief of a preliminary injunction on the basis of new declarations that are in direct contravention of Gipson's previous live testimony under oath, as Gipson was not able to cross-examine these declarants and the Court was unable to make a credibility determination as to those declarants. Simply put, because Plaintiff has again failed to carry her burden of showing a likelihood of success on the merits, the Court finds that Plaintiff is not entitled to a preliminary injunction. As the Court finds that Plaintiff cannot show a likelihood of success on the merits, the Court finds that it is not necessary to analyze the other three preliminary injunction factors.

[ROA.802–803].

At that final hearing held on November 30, 2023, Plaintiff relied on four declarations from other women who alleged that Mr. Gipson had behaved in a "***nearly identical***" manner with them. [ROA.802]. Plaintiff argued that the four similar declarations should somehow impugn Mr. Gipson's testimony, although further explanation of how this is so was lacking. [ROA.802]. In reality, the fact that the four declarations were remarkably similar can just as easily be argued that there was

collusion amongst the four women, rather than any cookie–cutter or boilerplate behavioral missteps on the part of Mr. Gipson. In any event, Plaintiff provided no opportunity for cross-examination of the four declarants, even though Plaintiff should have been on notice that the district court's evaluation of the respective evidence was apparently dissimilar from Plaintiff's evaluation of that same evidence. [ROA.802].

### 2.    Plaintiff Will not Suffer a Substantial Threat of Irreparable Harm if the Injunction Does not Issue

What is critical to recognize here is that Mr. Gipson not only owns the copyright here to the photographs consented to by Plaintiff, but that he also possesses a valid model release and a photograph of Plaintiff's identification regarding those photographs, [ROA.842, 860], in addition to the fact that many if not most of the photographs in question were taken in public, where there is no reasonable expectation of privacy. Moreover, the record here shows that Plaintiff was well-paid in the amount of $5500 to pose for the photographs in question. [ROA.858].

Further, notwithstanding the falsely-held belief espoused by

Plaintiff's counsel in their Brief [Pl. Br. at 49] that there is no "ability to purchase any photographs or merchandise from any of Mr. Gipson's websites," the reality is that buyers were clearly instructed to contact the gallery for purchase inquiries.

Finally, merely because Plaintiff's counsel calls the photographs and videos at issue here "revenge porn" doesn't make it so; that's what the trial in this matter is to determine. The equities involved and the pertinent evidence admitted tend to point otherwise at this point.

### 3.    The Granting of the Requested Injunction Is Not In the Public Interest

It is manifestly not in the public interest for a law-abiding businessman/photographer to have his livelihood yanked out from under him solely on the written (and therefore immune from the crucible of cross-examination) words of disgruntled former girlfriends/ bikini models seeking what they apparently believe is an easy payday, all without setting foot in a courtroom.

### E.    *What the District Court did not Say*

In it's Brief, Plaintiff has created out of whole cloth the

16

fallacy that the district court "*as a matter of law*" found that only live testimony from a competing witness can undermine another witness's credibility, [Pl. Br. at 2]. Further "*matter of law*" mis-characterizations of the district court's commentary on the state of the evidence found Plaintiff falsely claiming that "the district court erroneously held that, as a *matter of law,* the record evidence could not undermine Mr. Gipson's live testimony absent contradictory live testimony." [Pl. Br. at 34]. Such a *"matter of law"* principle was never mentioned or hinted at by the district court. Rather, what the district court did say in denying the numerous requests for a preliminary injunction was that the court's evaluation of the then–current state of the evidence was simply that it wasn't  sufficient to overcome Mr. Gipson's valid model release form and related documents, which the district court opined would likely defeat Plaintiff's claims, and thus Plaintiff had not sufficiently shown that she would be successful on the merits. [ROA.803].

In truth, a more rational interpretation finds that perhaps

the "overwhelming evidence" repeatedly claimed by Plaintiff didn't strike the fact-finder as overwhelming at all. *See Anderson*, 470 U.S. at  573, 105 S.Ct. 1504 (holding that district court's "clearly erroneous" standard of review requires even greater deference to the district court's findings when they are based on credibility determinations).

## H.   *Plaintiff's Disparagement of the District Court*

In her Brief attempting to legitimate the shielding of Plaintiff from the horrors of cross-examination, Plaintiff claimed that,

> it would have been plainly dangerous to force these victims to face Mr. Gipson unnecessarily in view of: (1) Mr. Gipson's repeated threats to these individuals; (2) Mr. Gipson's retaliatory actions against these victims, including his publishing of each victim's nude photographs online and creating social media accounts impersonating the victims to defame and disparage them; and (3) Mr. Gipson's repeated representations that he could find these victims.

[Pl Br. at 53].

Rather than the make-believe cage match envisioned by Plaintiff, in actuality the United States District Judge has complete

and total control of his courtroom. Even were that not the case, the United States Marshall's service is duty–bound to protect United States courtrooms and court personal, bystanders and witnesses. Some might argue that such a tale is more likely aimed at protecting Plaintiff from cross-examination.

But such an attempt to shield Plaintiff from being forced to answer difficult questions under oath should not be countenanced or rewarded by the Court of Appeals.

## **CONCLUSION**

PREMISES CONSIDERED, Appellee respectfully requests that this Court sustain the trial court's denial of Appellant's requested preliminary injunction. Appellee further prays that he be granted any relief, either in law or at equity, to which he may show himself justly entitled.

Respectfully Submitted,

 /s/ Mark McAdoo
Mark McAdoo
WY SBN: 6-3487
LAW OFFICE OF MARK MCADOO, L.L.C.
1685 S. Colorado Blvd., Suite S #308
Denver, CO 80222
888-361-0006 (phone)
206-337-0847 (fax)

mark@mcadoolawllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing document with the clerk of the court for the United States Court of Appeals for the Fifth Circuit, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record set forth below who have consented in writing to accept this notice as service of this document by electronic means.

 /s/ Mark McAdoo
Mark McAdoo

Bradley A. Hyde
LATHAM & WATKINS, LLP
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
bradley.hyde@lw.com

S. Giri Pathmanaban
LATHAM & WATKINS, LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
Facsimile: (737) 910-7301
giri.pathmanaban@lw.com

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

*Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements*

1.    This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B)(i) because this brief contains 2,962 words, excluding the portions exempted by FED. R. APP. P. 32(f).

2.    This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5)(A) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Book Antiqua 14 point font in text and Book Antiqua 12 point font in footnotes produced by Corel WordPerfect 21 software.

<u>/s/ Mark McAdoo</u>
Mark McAdoo

Attorney for Defendant–Appellee
Dated: May 31, 2024.